Dear Chief Congemni:
You have asked this office to address the legality of hiring an eighteen-year old individual as a police officer, with added regard to the issue of whether such police officer may legally carry a firearm.
Pertinent to the issue at hand is R.S. 33:2493 (D), providing:
 D. Special requirements or qualifications for admission to tests, or for eligibility for appointment, such as age, education, physical requirements, etc., may be established by the rules adopted by the board, after consultation with the appointing authority. Any applicant must be, at the time of his appointment to a position in the classified service, of good health, good moral character, and of temperate and industrious habits.
The Kenner Municipal Fire and Police Civil Service Board has adopted the following rules regarding qualifications requirements:
 QUALIFICATIONS REQUIREMENTS
 Unless otherwise specified, all requirements listed must be met by the filing deadline for application for admission for test.
 Must meet all requirements of the Municipal Fire and Police Civil Service Law, including being a citizen of the United States and pass a civil service exam with a score of 75% or greater.
 Must not be less than twenty-one years of age.
 Must have a high school diploma issued from a state department of education or a valid certificate of equivalency issued from a state department of education and furnish with application, or furnish a copy of a college/university transcript from a state accredited college or university.
 After offer of employment, but before beginning work in this class, must pass a medical examination prepared and administered by the Appointing Authority, designed to demonstrate good health and physical fitness sufficient to perform the essential duties of the position, with or without accommodation, for this position.
 Must have a valid Louisiana driver's license at time of employment. (Emphasis added).
We are advised by Ms. Melinda B. Livingston of the Office of State Examiner, Municipal Fire and Police Civil Service, that the appropriate petition requesting the board to amend the age qualification would effectively remove this limitation.
Addressing your concerns regarding firearms, note that pursuant to federal law, 18 U.S.C. 922 (b)(1), it is unlawful to sell or deliver any firearm, other than a shotgun or rifle, to anyone who is under age twenty-one. The law provides:
 (b) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver —
 (1) any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age . . .
However, an exception is made in sales for use by any state or any department, agency or political subdivision thereof, which would exempt a police officer for the City of Kenner. Federal law under18 U.S.C. 925 pertinently provides:
 (a)(1) The provisions of this chapter, except for sections 922 (d)(9) and 922 (g)(9) and provisions relating to firearms subject to the prohibitions of section 922 (p), shall not apply with respect to the transportation, shipment, receipt, possession, or importation of any firearm or ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof or any State or any department, agency, or political subdivision thereof.
Further, note that the prohibition of R.S. 14:95 relative to the illegal carrying of a weapon does not apply to persons vested with police power while in the performance of their lawful duties, as R.S.14:95 pertinently provides:
 § 95. Illegal carrying of weapons
 A. Illegal carrying of weapons is:
 (1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person; or
 (2) The ownership, possession, custody or use of any firearm, or other instrumentality customarily used as a dangerous weapon, at any time by an enemy alien;
 * * * * *
 G. (1) The provisions of this Section except Paragraph (4) of Subsection A shall not apply to sheriffs and their deputies. state and city police. constables and town marshals. or persons vested with police power when in the actual discharge of official duties.
These provisions shall not apply to sheriffs and their deputies and state and city police who are not actually discharging their official duties, provided that such persons are full time, active, and certified by the Council on Peace Officer Standards and Training and have on their persons valid identification as duly commissioned law enforcement officers. (Emphasis added).
Thus, a person vested with police power who is under the age of twenty-one may carry a firearm when in the actual discharge of official duties. In accord is Attorney General Opinion 93-49, copy attached.
We hope the foregoing sufficiently addresses your concerns. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
*1 Opinion No. 93-49
February 19, 1993
77 OFFICERS 60 LAW OFFICERS R.S. 40:2404
R.S. 33:42318 U.S.C. §§ 922, 925
We find no minimum age for employment and training as a police officer, and the federal restrictions on sale of guns to persons under 21 does not apply to police officers. In a Lawrason community the elected chief of police must make recommendations to the mayor and board for appointment of police personnel, and cannot hire without their approval.
Ruby L. Hawkins, Mayor Town of Cheneyville P.O. Box 322 Cheneyville, LA 71325
Dear Mayor Hawkins:
This office is in receipt of your request for an opinion of the Attorney General. Your questions are as follows:
1. If a nineteen year-old is hired as a police officer, is it legal for someone else to purchase the gun that he will be using since he is prohibited by age from such a purchase?
2. Is there a statute setting a minimum age for a law enforcement officer or that states what age law enforcement officers must be to attend the police academy?
3. Is the council of a municipality able to reject the appointment of an officer the elected police chief might be interested in hiring and, if not accepted by the council, can the police chief hire that individual anyway?
Under the federal law, 18 U.S.C. § 922 (b)(1), it is unlawful to sell or deliver any firearm, other than a shotgun or rifle, to anyone who is under age twenty-one. However, an exception is made in sales for use by any State or any department, agency or political subdivision thereof, which would exempt a police officer for your community (18 U.S.C. § 925). Furthermore, police officers may make such purchases with proper identification as to their status. Additionally you should note that the prohibition of La. R.S. 14:95 relative to illegal carrying of a weapon does not apply to persons vested with police power while in the performance of their lawful duties.
La. R.S. 40:2405 mandates that any person who begins employment as a peace officer in Louisiana after January 1, 1986 "must successfully complete a certified training program approved by the council (the Council on Peace Officer Standards and Training) and successfully pass a council approved comprehensive examination within one calendar year from the date of initial employment." However, I find no state law that sets a minimum age for attendance in the training course or for employment as a law enforcement officer. Furthermore, the Council of Peace Officer Standards and Training has indicated they have no minimum age restriction.
Due to the fact that you are a Lawrason Act community, La. R.S. 33:423 is pertinent to your inquiry with regard to hiring police officers. It provides that in those municipalities which have an elected chief of police, "he shall make recommendations to the mayor and board of aldermen for appointment of police personnel and for dismissal of police personnel."
*2 This office has recognized that La. R.S. 33:423 provides that the actual appointment power of police personnel is vested in the mayor and board of aldermen, although the appointment of a police officer must have the recommendation of the chief of police. (Attorney General Opinion Numbers 90-316, 88-534.) However, the governing authority may reject the recommendation of the chief of police and, if so, he cannot hire that individual.
I hope this sufficiently answers your questions. If I can be of further assistance, please do not hesitate to call.
Sincerely yours,
RICHARD P. IEYOUB Attorney General
BY: TIMOTHY M. SCREEN Assistant Attorney General La. Atty. Gen. Op. No. 93-49, 1993 WL 185147 (La. A.G.)